Battle, J.
 

 The difficulty, which is shown by the pleadings, does not arise from any complication in the construction of the will of David Kincaid, Sen., but grows out of the alleged uncertainty of what is meant in that will, by the expression, “the Linebarger plantation.” This is a plain case of
 
 latent
 
 ambiguity, as to which it is equally
 
 plain
 
 that it may be removed by parol testimony ;
 
 The President, Directors, &c.
 
 v.
 
 Norwood,
 
 Bus. Eq., 65, and the cases therein referred to and commented upon. Testimony has accordingly been taken, and it proves, beyond all question, that by “the Linebarger plantation” the testator meant all the land he had originally purchased from Alexander Brevard, a part of which he had afterwards sold to David Linebarger, who settled upon and improved it, and then resold it to the testator. The reason, why the testator called the whole tract purchased of Brevard by the name of “ the Linebarger plantation,” was, no doubt, because the only settlement upon it was that made by Linebarger. At all events, it is certain that he did call the whole tract by that name, and as such gave it in for taxation, for several years before his death. The parol testimony on this subject is strengthened by the fact that the testator does not mention any land except the two tracts which he devises under the .name of “the plantation on which I now live,” and “the Linebarger plantation;” and yet it is manifest from his will that he intended to dispose of all his estate, both real and personal.
 

 There must be a decree for partition according to this
 
 *43
 
 opinion. The. share of James Kincaid, who died before the testator, must, of course, be equally divided among all the pai’ties, and the costs of the suit must be paid by the complainant and defendants, in proportion to their respective shares.
 

 Per Curiam.
 

 Decree accordingly.